IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| PATONYA NATION, | : | CIVIL ACTION NO. |
| GDC ID # 845368, | : | 2:15-CV-00105-RWS-JCF |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY WAYNE STEWART, | : | PRISONER CIVIL ACTION |
| STEPHENS CNTY. COURTS, | : | 42 U.S.C. § 1983 |
| GEORGIA DEP'T OF FAMILY AND | : | |
| CHILDREN SERVS., | : | |
| CHILD SUPPORT RECOVERY, | : | |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Lee Arrendale State Prison in Alto, Georgia, seeks relief under 42 U.S.C. § 1983. (Doc. 1). The Court has granted Plaintiff leave to proceed *in forma pauperis*. (*See* Docs. 2, 6). **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.

**I.    Frivolity Review**

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks

AO 72A
(Rev.8/82)

monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II.   Plaintiff's Complaint And Related Pleadings

From Plaintiff's complaint, it appears that she is in a dispute with her ex-husband, Timothy Wayne Stewart, regarding custody and visitation rights and support obligations for their child. (*See* Doc. 1 at 3-5; Doc. 1-1 at 1-5 (*Pro Se* Petition For Release From Incarceration For Child Support Debt, apparently filed, or to be filed, in the Superior Court of Stephens County); *id.* at 6-15 (Motion To Change Jurisdiction

2

Of Child Support, apparently filed, or to be filed, in the Superior Court of Stephens County as an attachment to Plaintiff's Petition For Release); *id.* at 16-19 (Petition To Modify Visitation, apparently also filed, or to be filed, in the Superior Court of Stephens County); Doc. 8 (notice that Stewart has avoided prosecution for not paying back-due child support and that he does not live at the address he has given Plaintiff); Doc. 9 (Criminal Complaint w/ Motion To Dismiss Contempt Order Of Nonpayment issued in Stephens County, alleging *inter alia* that Stewart fraudulently collected food stamps and Medicaid services while falsely attesting that he had custody of his and Plaintiff's child); Doc. 10 (Motion To Give Power Of Attorney To Rebecca Grier Of Any And All Visitation Rights Of Timothy Wayne Stewart Jr.); Doc. 13 (letter to the Court regarding the custody and supervision of her child, Stewart Jr., requesting close monitoring of the child's relationship with his father); Doc. 14 (Consent To Proceed, again expressing concern over the whereabouts and welfare of her child)).

By way of relief, Plaintiff seeks at least the following: (1) an investigation of Stewart's alleged perjury in the state court that closed his own child support case "and an equal fair remedy of Child Support Order to reflect such"; (2) for her son to be given his own attorney and counseling for emotional and mental abuse; (3) "a fair remedy for custody and visitation"; (4) an investigation into Stewart's "illegal activity

3

in drawing food stamp[s] and Medicade [sic] on his self [sic] when he DID NOT have custody and claimed that he did"; (5) for the Stephens County Contempt Order of Child Support against Plaintiff to be lifted pending a fair investigation; (6) for a college fund to be set up for her son after he is of age; (7) for all the domestic relations orders in the Stephens County court to be modified; (8) for "the false allegations and charges of sexual intent of breast feeding [her] son to be Open Judgment for Investigation of fair charges [because a] person should not be able to falsely alligate [sic] another person for personal reasons to keep that person in jail [while] keeping himself from being faced with his own illegal acts"; (9) for Stewart to be charged with slander, false allegations, perjury and other crimes; and (10) for her son to be placed in an emotionally and mentally safe home.  (Doc. 1 at 4-5).

### III.     **Plaintiff Has Failed To State A Plausible Claim For Relief.**

####    A.     **The Domestic Relations Exception To Federal Jurisdiction**

"As a general rule, the federal courts refuse to hear suits for 'divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification.' " *Kirby v. Mellenger*, 830 F.2d 176, 177-78 (11th Cir. 1987) (quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir.

4

1978)) (noting that "federal courts are in agreement as to some of those policies that favor abstention in 'core' domestic relations cases and cases raising familial issues: . . . 'the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts' " (quoting *Crouch*, 566 F.2d at 487)).  This rule of abstention, however, apparently applies only in federal diversity cases. *See id.* at 177 ("The domestic relations exception *to diversity of citizenship jurisdiction* is a well-accepted doctrine which allows the federal courts to abstain from deciding cases presenting intrafamily disputes." (emphasis added)).

In *Ingram v. Hayes*, 866 F.2d 368 (11th Cir. 1988), a case in which the plaintiff asserted diversity jurisdiction, *id.* at 369, the Eleventh Circuit approved the district court's failure to dismiss on jurisdictional grounds all of the plaintiff's claims arising from a domestic dispute because "[t]he district court properly exercised jurisdiction over [a] federal question despite its domestic relations genesis." *Id.* at 370 (noting, on the other hand, that the district court properly dismissed both (1) plaintiff's "arrearage claim [because resolving it] would require . . . the court's involvement in the parties' domestic affairs" and (2) plaintiff's intentional infliction of emotional distress claim

5

"because [resolving] it would involve an analysis of the parties' relationship"). The *Ingram* court noted that the Eleventh Circuit "has suggested that the domestic relations exception only applies to diversity jurisdiction." *Id.* The upshot of the *Ingram* court's analysis was that the domestic relations exception probably does not apply to "legitimate federal questions" and that even courts that do "apply the domestic relations exception to federal questions and constitutional issues involving intra-family disputes. . . . only decline jurisdiction over federal questions [that] would deeply involve them in adjudicating domestic affairs." *Id.* at 371.

Indeed, in *Reale v. Wake County Human Servs.*, 480 Fed. Appx. 195 (4th Cir. 2012), the Fourth Circuit opined:

> Nor does the domestic relations exception undermine federal question jurisdiction where it otherwise exists. As construed by the Supreme Court, "the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). Federal courts "lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees." *Id.* The exception is statutory, not constitutional, in nature, and derives from construction of the diversity jurisdiction statute. *Id.* at 700-01. Thus, the domestic relations exception "is applied only as a judicially implied limitation on the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction." *United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997); *see also Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 947 (9th Cir. 2008).

6

*Id.* at 197; *see Atwood*, 513 F.3d at 945 ("hold[ing] that the 'domestic relations exception,' a doctrine divesting the federal courts of jurisdiction, applies only to the diversity jurisdiction statute, 28 U.S.C. § 1332, and that the district court erred by applying the domestic relations exception because federal question jurisdiction exists in this case under 28 U.S.C. § 1331"). This Court thus does have, potentially, federal question jurisdiction over Plaintiff's claims, but, as discussed below, Plaintiff has not alleged a plausible federal question for the Court to review.

### B. 42 U.S.C. § 1983 Federal Question Jurisdiction

To state a claim for relief under § 1983, Plaintiff must allege that a person acting under color of state law deprived her of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Plaintiff has filed a § 1983 action, which suggests, at least, that she intended to raise an issue under federal statutory or constitutional law in this action. But she has not alleged any matter in her complaint and related pleadings that implicates this Court's federal question jurisdiction.

#### 1. Plaintiff's Ex-Husband Is Not A State Actor Under § 1983.

"A private party may be considered a state actor for purposes of § 1983 only in the 'rare circumstances' that one of three conditions is satisfied: the state compulsion

7

test, the public function test, or the nexus/joint action test." *Davis v. Self*, 547 Fed. Appx. 927, 933-34 (11th Cir. 2013) (quoting R*ayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001)) ("The public function test applies where a private party performed a public function that was traditionally the exclusive prerogative of the State. The nexus/joint action test applies where the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]." (internal quotations omitted)).

Plaintiff presents various allegations concerning the conduct of her ex-husband, Timothy Stewart, but there is no suggestion in these allegations that Stewart, a private citizen, was acting under color of state law when he performed the actions about which Plaintiff complains, i.e., that he was (1) acting under a state compulsion, (2) performing a public function or (3) engaging in a joint action, or conspiracy, with a state actor. "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [her] rights.'" *Hutchins v. Fruchntnicht*, No. 4:14-cv-302-MW-GRJ, 2015 U.S. Dist. LEXIS 93219, at *6 (N.D. Fla. June 26) (quoting *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002)), *adopted by* 2015 U.S. Dist. LEXIS 93217 (N.D. Fla. July 17, 2015). "A claim of conspiracy requires 'that Plaintiff provide more than

8

a label or a conclusion,' and 'Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made.' " *Id.* (quoting *Oden v. Thomas*, No. 2:13-CV-388-TMH [WO], 2013 U.S. Dist. LEXIS 140825, at *4 (M.D. Ala. July 17), *adopted by* 2013 U.S. Dist. LEXIS 140125 (M.D. Ala. Sept. 30, 2013); *see Oden*, 2013 U.S. Dist. LEXIS 140825, at *5 (recommending dismissal of private defendants because plaintiff's "assertions are self serving, conclusory allegations that not only fail to assert those material facts necessary to establish a conspiracy by the defendant state actors but also between the defendant state actors and [the private defendants] such that [the latter] are transformed into state actors"). Here, Plaintiff hints at a possible conspiracy or joint action between Stewart and a police officer, to have her charged with a "false report of crime" (*see* Doc. 1 at 4), but her sketchy and speculative allegations are insufficient to state a plausible claim for relief in this regard. *See Iqbal*, 556 U.S. at 678-79; *Hutchins*, 2015 U.S. Dist. LEXIS 93219, at *6; *Oden*, 2013 U.S. Dist. LEXIS 140825, at *4-5.

### 2.     **The Remaining Defendants Are Also Not Amenable To Suit.**

Two of the remaining named Defendants–the Georgia Department of Family and Children's Services ("Georgia DFACS"), a state agency, and the Stephens County Courts—are not "persons" under § 1983 and/or are immune from Plaintiff's claims,

9

and thus they are not subject to Plaintiff's lawsuit even if she had alleged some action for which one or the other could be sued under § 1983. *See Rosa v. Fla. Dep't of Corr.*, 522 Fed. Appx. 710, 714 (11th Cir. 2013) (" '[A] state [and] a state agency . . . are not "persons" within the meaning of § 1983.' " (quoting *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995))). "The Eleventh Amendment [also] protects states and state officials in their official capacity from lawsuits in federal court unless the state either consents to suit or waives its immunity." *Rabun v. Ga. Dep't of Human Res.*, No. 1:08-CV-0296-JOF, 2009 U.S. Dist. LEXIS 13091, at *4 (N.D. Ga. Feb. 19, 2009) (holding that the Georgia Department of Human Resources and Georgia DFACS "are protected by the Eleventh Amendment" from a lawsuit in federal court); *see also Allen v. Florida*, 458 Fed. Appx. 841, 843 (11th Cir. 2012) (affirming dismissal of Defendant State Courts from § 1983 action because "[j]udges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction" (internal quotations omitted), and "[i]mmunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction" (citing *Bolin v. Story*, 225 F.3d 1234,

10

1239 (11th Cir. 2000))).[1]

### 3. The *Rooker-Feldman* Doctrine Also Applies.

Finally, "[t]o the extent [that Plaintiff] seeks this court's review of a final decision in [her] state court domestic relations case, [her] claim is due to be dismissed pursuant to the *Rooker-Feldman* doctrine, which provides that 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Thompson v. Jackson*, No. 7:12-cv-02533-LSC-JEO, 2012 U.S. Dist. LEXIS 185827, at *3-4 (N.D. Ala. Dec. 26, 2012) (quoting *Springer v. Perryman*, 401 Fed. Appx. 457, 458 (11th Cir. 2010) (quoting, in turn, *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir 2009)); and noting that "[t]he doctrine pertains to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments[,]' " (quoting *Lance v. Dennis*, 546 U.S. 459, 464 (2006)), which "right [of review] is reserved solely for the United States Supreme Court [under] 28

---

[1]Although the nature or status of Child Support Recovery, the remaining Defendant, is unclear, Plaintiff has not alleged any cognizable claim against that entity. In one of her pleadings, Plaintiff does refer to Hall County Child Support Recovery, where, she alleges, Stewart went to "falsely close his own back child support case." (Doc. 1-1 at 6). Hall County Child Support Recovery appears to be a division of the Georgia Department of Human Services, i.e., a state agency, and thus not a "person" amenable to suit under § 1983. *See* dcss.dhs.georgia.gov/hall-county-0 (last visited Aug. 5, 2015); *Rosa*, 522 Fed. Appx. at 714.

11

U.S.C. § 1257"), *adopted by* 2013 U.S. Dist. LEXIS 16678 (N.D. Ala. Feb. 7, 2013).

### III. Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint (Doc. 1) be **DISMISSED** for failure to state a claim for relief, *see* 28 U.S.C. § 1915A; *Iqbal*, 556 U.S. at 678-79, and that her pending motions regarding appointment of counsel and related procedural matters (Docs. 7, 9, 10, 16) be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 6th day of August, 2015.

       /s/ *J. CLAY FULLER*
       J. CLAY FULLER
       United States Magistrate Judge